U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:12-cv-00101-R

M.T., a minor, by and through Anita
 ANITA THOMAS, her next friend, et al.                                  PLAINTIFFS

VS.

TIMOTHY P. SAUM, SOUTHWESTERN
 ILLINOIS BUS COMPANY, LLC II D/B/A NEW
 IMAGE TRAVEL, and LAKELAND TOURS, LLC
 D/B/A WORLDSTRIDES                                                     DEFENDANTS

AND                         CASE NO. 1:12-cv-00128-R
                       (Consolidated with 1:12-cv-00101-R)

LYNDA PROBUS, et al.                                                    PLAINTIFFS

VS.

TIMOTHY P. SAUM, SOUTHWESTERN
 ILLINOIS BUS COMPANY, LLC II D/B/A NEW
 IMAGE TRAVEL, and LAKELAND TOURS, LLC
 D/B/A WORLDSTRIDES                                                     DEFENDANTS

## FOURTH AMENDED COMPLAINT

The plaintiffs in the consolidated action ("Consolidated Plaintiffs"), by counsel, for their fourth amended complaint against the defendants, Timothy P. Saum, Southwestern Illinois Bus Company, LLC II d/b/a New Image Travel, and Lakeland Tours, LLC d/b/a WorldStrides, state as follows:

1. The Consolidated Plaintiffs, Lynda Probus and M.P., by and through her parent and next friend, Lynda Probus, are, and were at all times relevant hereto, citizens and residents of Grayson County, Kentucky.

2. The Consolidated Plaintiffs, Lori Chapman, Melissa Craddock, Michael Craddock, C.C., by and through his parent and next friend, Michael Craddock and Melissa Craddock, Deidra Day, L.D., by and through his parent and next friend, Deidra Day, Tracy Sullivan, Blake Sullivan, Charla Highbaugh, Z.H., by and through his parent and next friend, Charla Highbaugh, Kimberly Thompson, Maria Miles, W.M., by and through her parent and next friend, Maria Miles, and M.B., by and through her parent and next friend, Kim Brown, are, and were at all times relevant hereto, citizens and residents of Hart County, Kentucky.

3. The defendant, Timothy P. Saum (hereinafter "Saum") is, and was at all times relevant hereto, a citizen and resident of Vanderburgh County, Indiana.  On June 6, 2012, he was acting as an agent, servant and employee of the defendants, Southwestern Illinois Bus Company, LLC II d/b/a New Image Travel (hereinafter "New Image") and Lakeland Tours, LLC d/b/a WorldStrides (hereinafter "WorldStrides"), within the course and scope of his employment or agency for New Image and WorldStrides, and in furtherance of the interests of New Image and WorldStrides.

4. The defendant, New Image, is, and was at all times relevant hereto, a limited liability corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 2421 Old Plank Road, Chester,

Illinois 62233, and its agent for service of process is Patrick B. Mathis, 23 Public Square, Suite 300, Belleville, Illinois 62222.

5. The defendant, WorldStrides, is, and was at all times relevant hereto, a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 218 West Water Street, Suite 400, Charlottesville, Virginia 22902, and its agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

6. On June 6, 2012, the Consolidated Plaintiffs and other parents, students, and teachers were passengers on a commercial bus owned by New Image and operated by Saum destined for Washington, D.C., for an educational trip chartered by WorldStrides. Saum was traveling east on Ky. Hwy. 728 in Hart County, Kentucky, in a 2003 MCIJ4500 Series commercial passenger bus owned by New Image when he rounded a curve in the highway at a high rate of speed and lost control of the bus, causing the bus to overturn.

7. Saum had a duty to use the highest degree of care in operating the bus filled with 55 passengers on June 6, 2012. Saum breached that duty by operating the bus in a grossly negligent, wanton, reckless and careless manner, and failing to maintain proper control over the vehicle he was operating. As a result of this gross negligence, which is imputed to New Image and WorldStrides, the defendants have caused significant injuries to the Consolidated Plaintiffs.

8. Saum's gross negligence and recklessness, which is imputed to New Image and WorldStrides, caused the Consolidated Plaintiffs to sustain severe and permanent injuries. The Consolidated Plaintiffs have suffered, and continue to suffer, great mental and physical pain.

9. Saum's gross negligence, which is imputed to New Image and WorldStrides, has caused the Consolidated Plaintiffs to incur, and they will continue to incur, substantial medical bills, lost wages, and damages for the impairment of their capacity to earn a living.

10. Saum operated the bus in such a negligent and careless manner that he should have recognized that his conduct created an unreasonable risk of bodily harm to the passengers on the bus, including the Consolidated Plaintiffs, causing them to suffer significant injuries, bodily harm and severe emotional distress.  The Consolidated Plaintiffs will continue to suffer same into the future as a direct result of Saum's conduct, which is imputed to New Image and WorldStrides.

11. Saum, acting for and on behalf of New Image and WorldStrides, failed to operate the bus in a careful manner on June 6, 2012, in violation of KRS 189.010, *et seq.* and Federal Motor Carrier Safety Administration Regulation § 392.2.  Saum, acting for and on behalf of New Image and WorldStrides, was negligent per se and, as a result, the Consolidated Plaintiffs have incurred the damages referred to herein.

12. New Image had a duty, under statutory, regulatory and common law, to exercise the highest degree of care to properly hire, train and supervise the activities of its employees, including Saum, in the operation and maintenance of its commercial

vehicles. New Image negligently failed to do so, in violation of Federal Motor Carrier Safety Administration Regulations § 392.1 and § 392.2.

13. WorldStrides owed a duty to the Consolidated Plaintiffs to properly investigate the background of, and hire a common carrier to transport the members of the public, including the Consolidated Plaintiffs. WorldStrides negligently breached its duty by failing to do so.

14. Saum operated the bus with a reckless disregard for the lives, safety and property of the Consolidated Plaintiffs, such that his conduct amounts to gross negligence, thereby entitling the Consolidated Plaintiffs to an award of punitive and exemplary damages.

15. Defendant WorldStrides advertised its services through marketing and promotional materials, which were sent to parents, teachers and other potential customers. WorldStrides' materials represented that it screened, hired and trained the bus drivers and ensured that they were safe drivers, when in fact WorldStrides contracted with third-party bus companies. WorldStrides did not employ a single bus driver, and did not screen, train or ensure the safety of the bus drivers that it used on its trips.

16. Under the Kentucky Consumer Protection Act, KRS 367.170, any unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce is unlawful.

17. Under KRS 367.110 (2) "Trade" and "commerce" means the advertising, offering for sale, or distribution of any services and any property, tangible or

intangible, real, personal or mixed, and any other article, commodity, or thing of value, and shall include any trade or commerce directly or indirectly affecting the people of this Commonwealth.

18. Under KRS 367.170(2) unfair is defined as unconscionable.

19. WorldStrides actions were meant to assure its customers that the bus drivers that it employed were well-trained and safe drivers when WorldStrides actually did nothing to ensure that the bus drivers were trained and safe. WorldStrides' actions were unfair, false, misleading and deceptive.

20. WorldStrides knew these statements and acts to be false but continued to engage in unfair, false, misleading and deceptive practices.

21. As a result of WorldStrides' actions, the Plaintiffs have incurred damages and expenses, and, under KRS 367.170, are entitled to an assessment of punitive damages against WorldStrides, as well as their attorney's fees and costs of litigation.

The Consolidated Plaintiffs pray for the following relief:

A. For awards of compensatory and punitive damages against the defendants in amounts in excess of the jurisdictional requirements of this Court;

B. For pre-judgment and post-judgment interest;

C. For a trial by jury;

D. For their attorney's fees and costs herein expended; and

E. For all other relief to which they may appear entitled.

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street
P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782
kmaier@elpolaw.com
mmcgill@elpolaw.com

Attorneys for the Plaintiffs

/s/ Matt McGill
Kurt W. Maier
Matt McGill