UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12-CV-00101-TBR

M.T., a minor, *et al.*     Plaintiffs,

v.

TIMOTHY P. SAUM, *et al.*     Defendants.

### MEMORANDUM OPINION

This matter is before the Court upon the motion for summary judgment on Plaintiffs' Kentucky Consumer Protection Act claims filed by Defendant Lakeland Tours, LLC, d/b/a WorldStrides ("WorldStrides). (Docket No. 94). Plaintiffs have responded, (Docket No. 118), and WorldStrides has replied, (Docket No. 121). Fully briefed, this matter is ripe for adjudication. For the reasons stated below, WorldStrides's motion will be GRANTED.

**Factual Background**

Plaintiffs were among the passengers on a commercial charter bus traveling from Cub Run, Kentucky to Washington, D.C. on an educational field trip. Southwestern Illinois Bus Company, LLC d/b/a/ New Image Travel ("New Image") owned the bus, and a New Image employee, Timothy P. Saum, operated it. WorldStrides brokered and chartered the trip. Shortly after the group departed on June 6, 2012, the bus overturned on Ky. Hwy. 728 in Hart County, Kentucky. The next day, WorldStrides fully reimbursed each passenger for the total cost of the trip and offered a free trip to Washington, D.C. (Docket No. 94-3, Carrie Comfort Aff., at ¶13 .) Passengers who sustained property damage were reimbursed by New Image's insurance company. (Docket No. 94-1 at 4.)

Plaintiffs allege that the accident occurred because Saum "rounded a curve at a high rate of speed, while driving one-handed, and lost control of the bus, causing it to overturn." (Docket No. 112 at 2.) They contend that Saum was an agent, servant, or employee of both New Image and WorldStrides and acted in the scope of his employment or agency by both companies. (Docket No. 112 at 2.)

1

WorldStrides and New Image entered into a "Confirmation and Agreement of Charter" for New Image to transport the Cub Run passengers on January 9, 2012. The itinerary that WorldStrides mailed to the group indicated that New Image would provide the group's bus transportation. (Docket No. 94-7, Maria Miles Dep., at 20:16-20.)

Finally, the Terms and Conditions agreed to by all participants disclose that third-party vendors, not WorldStrides itself, provide transportation. The following disclaimer is recited in the first paragraph of the Terms and Conditions:

> Lakeland Tours, LLC d/b/a WorldStrides . . . does not own, operate or control any person or entity which is to provide goods or services for your trip, including, for example, lodging facilities, airline, vessel or other transportation companies. . . . As a result, WorldStrides is not liable for any negligent or willful act or failure to act of any such person or entity, or of any third party.

(Docket No. 94-2 at 15.)

## Legal Standard

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; he must present evidence on which the trier of

fact could reasonably find for him. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

Finally, while the substantive law of Kentucky is applicable to this case pursuant to *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Federal Rule of Procedure 56, not Kentucky's summary judgment standard as articulated in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991). *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

**Discussion**

Pending before the Court is WorldStrides's motion for summary judgment regarding Plaintiffs' claim under the Kentucky Consumer Protection Act ("KCPA"). The KCPA provides recovery for:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170.

Ky. Rev. Stat. § 367.220(1). An "unlawful" method, act, or practice is one that is "[u]nfair, false, misleading, or deceptive" and made "in the conduct of any trade or commerce." Ky. Rev. Stat. § 367.170(1). The statute explains that under its provisions, "unfair shall be construed to mean unconscionable." *Dare To Be Great, Inc. v. Commonwealth*, 511 S.W.2d 224, 227 (Ky. 1974).

3

WorldStrides argues that Plaintiffs' KCPA claims fail as a matter of law for three reasons. It contends that no Plaintiff sustained an "ascertainable loss" of property or money; that WorldStrides did not use or employ an unlawful "method, act or practice" in its materials; and finally, that Plaintiffs' injuries did not result from WorldStrides's marketing materials. (Docket No. 94-1 at 4.)

I.   **Plaintiffs suffered an ascertainable loss arising from their bodily injuries.**

Plaintiffs seeking to recover based on the KCPA must point to an "ascertainable loss" in the form of loss of money or property. Ky. Rev. Stat. 367.220(1). This requires such plaintiffs to produce "evidence from which a factfinder could find or infer that the plaintiff suffered an actual loss." *Holmes v. Countrywide Fin. Corp.*, 2012 WL 2873892, at *14.

Defendants argue that because the KCPA does not explicitly include personal injuries in its definition of "ascertainable loss," the statute did not intend to create a cause of action for such harms. (Docket No. 94-1 at 9.) The Court disagrees. In *Am. Motors Corp. v. Addington*, (Ky. App. 1984), the Kentucky Court of Appeals explained that the KCPA "create[s] a degree of consumer expectation as to the safety and usability of products." *Id.* at *5. If a consumer relies upon misleading or deceptive advertisements and suffers harm as a result, he may recover damages for personal injuries resulting from the statutory violation. *Id.* at *6.

II.  **Whether WorldStrides employed an unlawful "method, act, or practice" is a factual question to be resolved by the jury.**

Plaintiffs allege that WorldStrides violated the KCPA by representing in its promotional materials "that it screened, hired and trained the bus drivers and ensured that they were safe drivers, when in fact WorldStrides contracted with third-party bus companies." (Docket No. 59 at 5.) WorldStrides's advertisements include various statements assuring prospective purchasers of its commitment to safety. Most of the statements at issue generally proclaim safety as a top priority: for example, "We are dedicated to ensuring the safety and security of all our travelers." (Docket No. 118-1 at 1.) Few statements specify how this principle is accomplished. However, the literature assures parents and

4

educators, "WorldStrides' Motorcoach Drivers attend training sessions and receive driver manuals updated annually with important information about WorldStrides's expectations and general policies, as well as U.S. Department of Transportation regulations." (Docket No. 118-3 at 1.) Plaintiffs contend that WorldStrides's advertisements amount to "unfair, false, misleading and deceptive practices." (Docket No. 59 at 6.)

The mere failure to perform a contract will not trigger application of the KCPA. Instead, the statute applies only where there is "some evidence of 'unfair, false, misleading or deceptive acts'" and "some element of intentional or grossly negligent conduct is also present." *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 291 (citing *Dare To Be Great*, 511 S.W.2d. at 224). The terms "false, misleading and deceptive" are given their ordinary meaning as "understood by a reasonably prudent person of common intelligence." *Stevens v. Motorists Mut. Ins. Co.*, 759 S.W.2d 819, 820 (Ky. 1988).

The Court notes the tenuousness of Plaintiffs' claim that WorldStrides took any actions affecting Plaintiffs intentionally, knowingly, or in bad faith. Rather, Plaintiffs essentially claim that the occurrence of the accident itself renders false WorldStrides's assurances of safety. Although it is possible that WorldStrides knew that Saum was an allegedly negligent driver, the Plaintiffs fall short of demonstrating that this scenario is likely. However, "when the evidence creates an issue of fact that any particular action is unfair, false, misleading, or deceptive it is to be decided by a jury." *Stevens v. Motorists Mut. Ins. Co.*, 759 S.W.2d 819, 820 (Ky. 1988). Therefore, the question is inappropriate for the Court to determine in the context of this summary judgment motion.

**III.   Plaintiffs' losses did not result from WorldStrides's alleged misrepresentations.**

The KCPA requires a plaintiff to prove an "ascertainable loss of money or property . . . as a result" of an unfair method, act, or practice. Ky. Rev. Stat. 367.220(1). "[T]he plain meaning of the KCPA damages provision requires only a showing of a causal nexus between the plaintiff's loss and the

5

defendant's allegedly deceitful practice, not a strict showing that the plaintiff relied on the defendant's allegedly deceitful practice." *Corder v. Ford Motor Co.*, 869 F. Supp. 2d 835, 838 (W.D. Ky. 2012).

Plaintiffs allege that they suffered personal injuries as a result of unfair, false, misleading, or deceptive claims in WorldStrides's promotional materials. To defeat the summary judgment motion, Plaintiffs must demonstrate that the advertisements at issue contributed to causing their injuries.

Applying this standard, it is unreasonable to conclude that Plaintiffs' personal injuries shared a causal nexus with WorldStrides's promotional materials. The evidence simply supports no reasonable inference that WorldStrides's general assurances of safety contributed to Saum's negotiating a curve at an excessive rate of speed or to Plaintiffs' resultant injuries. Moreover, WorldStrides relied upon New Image to transport Plaintiffs after investigating the company's safety rating and monitoring customer service surveys about its performance. (Docket No. 121-1, Gerber Dep. 78:10-79:13.) New Image, not WorldStrides, employed Saum; WorldStrides had no way to investigate him individually, nor to learn that he would be the driver assigned to Plaintiffs. (Docket No. 121-1, Gerber Dep. 62:22-64:15.)

Even if a jury found WorldStrides's advertisements to be misleading, they nonetheless did not lead to the actual losses suffered by Plaintiffs; although the statements may have caused Plaintiffs to enter into a contract with WorldStrides, they did not cause Plaintiffs' injuries. Accordingly, Plaintiffs cannot survive summary judgment as to this claim.

**CONLCUSION**

For the foregoing reasons, WorldStrides's motion for summary judgment (Docket No. 94) will be GRANTED. An appropriate order will issue.